**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MANAL SUGHAYER, | |
| Plaintiff, | Case No. 20-cv-06327 |
| v. | |
| FIFTH THIRD BANK, N.A. (f/k/a MB FINANCIAL BANK, N.A) | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Manal Sughayer sues her employer, Defendant Fifth Third Bank, N.A. (the Bank), alleging that: (1) the Bank discriminated against her on the basis of race, religion, color, and national origin in violation of the Illinois Human Rights Act (IHRA), 775 Ill. Comp. Stat. 5/1-102(A); (2) the Bank discriminated against her on the basis of race, religion, color, and national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-2–2000e-17; (3) the Bank constructively discharged her in violation of Title VII and the IHRA; and (4) the Bank retaliated against her in violation of the IHRA, Title VII, and the Fair Labor Standards Act, 29 U.S.C. § 214(a)(3). [6-1]. Defendant moves now to dismiss Plaintiff's constructive discharge and retaliation claims pursuant to Federal Rule of Civil Procedure 12(b)(6). [16]. For the reasons explained below, this Court grants in part, and denies in part, Defendant's motion.

1

I.   **Background**

   A.   **Plaintiff's Allegations**

In January 2012, Defendant Fifth Third Bank, then known as MB Financial Bank, hired Plaintiff Manal Sughayer, a Palestinian and Muslim Middle Eastern woman, as an Assistant Vice President. [6-1] at ¶¶ 6, 8–9.

In June 2018, Plaintiff discovered deceptive pricing practices committed by Payroc, a credit card processing provider owned in part by MB Financial. *Id.* at ¶ 11. When she discovered Payroc's practices, Plaintiff reported the issue internally to Stephen Ball, the Head of Business Banking, and to Farah Huber, Plaintiff's regional manager. *Id.* After reporting these practices to Ball and Huber, Plaintiff claims Defendant treated her unfairly and subjected her to an intimidating and hostile work environment, in which Defendant overlooked her for promotions, permitted its employees to call her derogatory names, and prohibited her from filling vacancies in her branches to alleviate understaffing issues. *Id.* at ¶ 12. On July 19, 2018, in an email exchange with three Payroc executives, Stephen Ball referred to Plaintiff as a "different animal" as compared to her white colleagues. *Id.* at ¶ 13.

In October 2018, MB Financial promoted two of Plaintiff's female white colleagues to Vice President positions. *Id.* at ¶ 14. According to Plaintiff, Defendant overlooked Plaintiff's qualifications in preference of white colleagues who demonstrated poorer performance and had less experience and responsibility. *Id.* at ¶ 10. Plaintiff earned an MBA, while the promoted colleagues had not. *Id.* at ¶ 18. She also achieved higher performance scores, recorded higher sales, and managed

more branches, than her promoted colleagues; scored the highest in her region on certification testing for executive management positions, and assumed extra responsibilities. *Id.* at ¶¶ 15–19. Yet Defendant did not evaluate the Vice Presidential candidates based upon certification testing, sales records, performance scores, education, or responsibility level. *Id.* Instead, it promoted lesser qualified white, Christian workers. *Id.* at ¶ 20. Plaintiff alleges that Defendant demonstrates a history of promoting lesser qualified candidates who are not members of a protected class. *Id.* at ¶ 21.

On January 3, 2019, Plaintiff filed her charge of discrimination with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC). *Id.* at ¶ 4. Plaintiff alleges she resigned in November 2019 due to the "heightened hostile work environment" caused by her filing of these charges. *Id.* at ¶ 22.

### B. Procedural History

Plaintiff filed her complaint in the Circuit Court of Cook County on September 25, 2020. [6-1]. Defendant removed the case to this Court in October 2020. [3].

Plaintiff alleges discrimination on the basis of race, religion, color, and national origin in violation of the IHRA (Counts I–IV) and Title VII (Counts V–VIII), constructive discharge under Title VII and the IHRA (Count IX), and retaliation in violation of the IHRA, Title VII, and the FLSA (Counts X–XII). *Id.* Defendant moves to dismiss with prejudice Counts IX, X, and XI due to failure to exhaust administrative remedies and untimeliness. [16]. Defendant further moves to dismiss

with prejudice Count XII for failure to state a claim for which the Court may grant relief. *Id.*

## II. Legal Standard

Defendants seek to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

To analyze a motion to dismiss, this Court must construe the Complaint in the light most favorable to the plaintiff, accept as true all well-pleaded facts, and draw reasonable inferences in her favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). The Court need not accept statements of law as true. *Yeftich*, 722 F.3d at 915. On a motion to dismiss, this Court considers the "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

4

### III. Analysis

Defendant moves to dismiss Plaintiff's constructive discharge and retaliation claims under the IHRA and Title VII (Count IX and X, and XI) for failing to exhaust administrative remedies. [17] at 4–7. In addition, Defendant seeks to dismiss Plaintiff's retaliation claim under the FLSA (Count XII) for failure to state a claim. *Id.* at 8. This Court will first address the issue of administrative exhaustion (Counts IX, X, and XI) before addressing Count XII.

#### A. Counts IX, X, and XI: Exhaustion of Administrative Remedies

Defendant argues that Plaintiff's claims in Counts IX, X, and XI do not fall within the scope of her original charge, and requests that the Court dismiss these claims because they "are based on alleged conduct she experienced after filing the charge." [24] at 1. In her charge, Plaintiff alleged discrimination, in the form of harassment and failure to promote, on the basis of race, color, religion, and national origin. [6-1] at ¶ 18; [17-1] at 8–13. Plaintiff did not allege retaliation or constructive discharge in her charge. [17-1] at 8–13. In Counts IX through XI, however, Plaintiff alleges that she suffered retaliation and constructive discharge after filing her charge. [6-1] at ¶¶ 67–80.

A plaintiff must first exhaust her administrative remedies before challenging an unlawful employment practice under Title VII. 42 U.S.C. § 2000e-5(e)(1); *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Generally, a plaintiff must restrict allegations in her complaint to claims included in her EEOC charge. *Chaidez*, 937 F.3d at 1004. Practically, this means that after receiving an EEOC right to sue

5

letter, a plaintiff may bring only claims that she included in her EEOC charge, or that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). This requirement "allows the EEOC and the employer an opportunity to settle the matter, and . . . ensures that the employer has adequate notice of the conduct the employee is challenging." *Id.* (citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)).

Against this backdrop, Defendant argues that Plaintiff's retaliation and constructive discharge claims must be dismissed because they are not "like or reasonably related" to the discrimination charge she alleged before the EEOC and IHRA. [17] at 4–8. This Court agrees as to Plaintiff's constructive discharge claim. In *Herron v. DaimlerChrysler Corporation*, the Seventh Circuit ruled that the plaintiff could not pursue a Title VII constructive discharge claim because his EEOC charges only "described racial discrimination, retaliation, and harassment, not constructive discharge." 388 F.3d 293, 303 n.2 (7th Cir. 2004). The court explained that, because the plaintiff resigned *after* filing his EEOC charges, "his decision to leave was inconsistent with notice of constructive discharge." *Id.* Similarly here, Plaintiff alleges she resigned due to an alleged hostile work environment in November 2019, about ten months *after* she filed her administrative charge. [6-1] at ¶¶ 4, 22. Under *Herron*, Plaintiff's constructive discharge claim cannot proceed because she failed to exhaust first before the EEOC. *See, e.g.*, *Richardson v. Swift Transp. Co. of Ariz., LLC*, No. 17 C 4046, 2018 WL 1811332, at *4 (N.D. Ill. Apr. 17,

6

2018) (dismissing the plaintiff's claim for constructive discharge based upon the failure to exhaust, explaining that it "would have been impossible for plaintiff's Charge to have mentioned her departure from [the defendant] or to have alleged constructive discharge because the Charge preceded her departure by about a year"). This Court thus dismisses Count IX.

The analysis differs, however, as to Plaintiff's retaliation claims in Counts X and XI, even though, like her constructive discharge claim, Plaintiff alleges that the retaliation occurred *after* she filed her charge. *See Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1007 (N.D. Ill. 2012) (noting that "the Seventh Circuit does not treat retaliation and constructive discharge claims in the same manner"). The Seventh Circuit has "long held that a plaintiff need not file a new charge alleging post-charge retaliation by the employer." *Ford v. Marion Cty. Sheriff's Off.*, 942 F.3d 839, 857 n.11 (7th Cir. 2019); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) ("We have held for practical reasons, to avoid futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation, etc., that a plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation."); *Thompson v. N. Tr. Co.*, No. 18 C 1140, 2018 WL 5024971, at *2 (N.D. Ill. Oct. 17, 2018) (applying the same logic to IHRA claims). This exception to exhaustion recognizes that a double filing serves "no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." *McKenzie v. Ill. Dep't of*

7

*Transp.*, 92 F.3d 473, 482 (7th Cir. 1996) (quoting *Gupta v. E. Tx. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981)).

Here, Plaintiff alleges that Defendant retaliated her against because she filed the charge. [6-1] at ¶¶ 74, 78. Her allegations therefore fall squarely within the contours of the Seventh Circuit's exhaustion exception to retaliation claims. *Luevano*, 722 F.3d at 1030; *see also Benjamin v. Katten Muchin & Zavis*, 10 F. App'x 346, 354 (7th Cir. 2001) (explaining that the exception applies where "filing of an EEOC charge is the catalyst for retaliation"). Accordingly, this Court denies Defendant's motion to dismiss the retaliation claims in Counts X and XI.

### B. FLSA Retaliation (Count XII)

Defendant also seeks to dismiss Plaintiff's Count XII, which Plaintiff labels as "Retaliation in violation of the FLSA, 29 U.S.C. § 214(a)(3)." [6-1] at 16; [17] at 8. But the United States Code contains no such section. Defendant directs the Court to a different provision which Plaintiff has not asserted, 29 U.S.C. § 215(a)(3), the FLSA's anti-retaliation provision, in support of its argument that Plaintiff failed to state her claim. [17] at 8.

In response, Plaintiff does not address the merits of Defendant's argument for dismissal under § 215(a)(3), and instead requests leave to amend that count. [23] at 2 n.1. A court may grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). In the interest of justice, the Court grants Defendant's motion to dismiss Count XII without prejudice, but also grants Plaintiff leave to amend.

8

## IV. Conclusion

For the reasons explained above, the Court grants in part and denies in part Defendant's motion to dismiss [16]. The Court dismisses Count IX (Plaintiff's constructive discharge claim) due to Plaintiff's failure to exhaust her administrative remedies, but Plaintiff's retaliation claims in Counts XI and XII stand. In addition, this Court dismisses without prejudice Count XII but grants Plaintiff's request for leave to amend. Plaintiff's amendment shall be filed on or before September 21, 2021. Defendant shall respond to the amendment on or before October 12, 2021. In addition, the parties shall file a status report on or before October 26, 2021 proposing reasonable case management dates for the life cycle of the case.

Dated: August 31, 2021

                                              Entered:

                                              */s/ John Robert Blakey*
                                              John Robert Blakey
                                              United States District Judge